# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**JACKIE HARRIS,**

        Defendant.

**Case No. 19-3016-01-CR-S-SRB**

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of conspiracy to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the

attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged in an indictment returned by a grand jury with conspiracy to distribute 1,000 grams or more of heroin, a crime for which a term of not less than 10 years and not more than life imprisonment is possible.

Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in Count 1 of the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).

To further support the Government's contention that the defendant is a risk to the safety of the community and risk to flee, the Government offers that:

On June 27, 2018, a warrant was executed at the defendant's home. At his home, law enforcement found suspected heroin in two different locations. The first was in the ductwork in the basement, which was determined to be 88.6 grams of a substance containing fentanyl, heroin,

and acetylfentanyl and the second was a small baggie of suspected heroin on a table in the basement. Drug Enforcement Administration Task Force Office Ben Deutscher also located a firearm in the rafters of the basement. In a safe in a bedroom in the home, officers also located nearly $20,000 and another firearm. In a subsequent interview with the defendant, he admitted that he had been dealing heroin since approximately December 2018 and that prior to February 2018, he was selling approximately 50 grams of heroin every three days.

On February 12, 2019, officers with the Springfield, Missouri, Police Department, conducted surveillance of the defendant's home. They observed an individual park in the alley behind the home and meet with a male who came out of the home. The individual was stopped and admitted he or she was a heroin user who had been buying heroin from "J" for approximately a year and had been at the home to repay a drug debt. "J" is a nickname for the defendant.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

                          Respectfully submitted,

                          TIMOTHY A. GARRISON
                          United States Attorney

By    */s/ Josephine L. Stockard*
       Josephine L. Stockard
       Missouri Bar No. 63956
       Assistant United States Attorney
       901 St. Louis Street, Suite 500
       Springfield, Missouri 65806-2511

## Certificate of Service

  The undersigned hereby certifies that a copy of the foregoing was delivered on March 4, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

              */s/ Josephine L. Stockard*
              Josephine L. Stockard
              Assistant United States Attorney